IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:11-CV-0068-RLV-DSC

| | |
|---|---|
| RICKY W. CAMPBELL, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND ORDER |
| TERRY BURGESS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint and accompanying Memorandum (Doc. 6), filed May 23, 2011.

### I. INTRODUCTION

Plaintiff has brought suit against the Transportation Security Administration (TSA) and five TSA employees, alleging that he was discriminated against on the basis of his race (African-American) and subjected to a hostile work environment. (Doc. 1.) Plaintiff has worked for TSA since April 15, 2007, when he was hired as a Transportation Security Officer. (Doc. 1-1.) Plaintiff contends that on August 24, 2010, he was informed that he would not be offered the Transportation Security Inspector position for which he had previously interviewed. (Doc. 1 at 3–4.) Additionally, he was informed on October 5, 2011, that he was not a finalist for a Supervisory Transportation Security Officer position. (Doc. 1 at 10–11.)

Plaintiff also alleges that Defendants created a hostile work environment by supporting false sexual-harassment charges against him. (Doc. 1 at 4.) On July 12, 2010, Plaintiff was issued a "Letter of Guidance and Direction" by Defendant Ernest Fernandez that read, "After conducting the investigation into the alleged sexual harassment complaint leveled against you, I

1

have come to the conclusion that there is not sufficient evidence to support the allegation." (Doc. 1 at 4.) The "Letter of Guidance and Direction" was approved by Defendant Dwain Wilkins, Defendant Jackie Bell, Defendant Ken Axxon, the Home Office Human Relations Department, and the Home Office Legal Department. (Doc. 1 at 5.)

The Complaint invokes Title VII of the Civil Rights Act as the only legal basis for the relief sought. Plaintiff alleges that he exhausted his administrative remedies by filing a "Charge of Discrimination" with the United States Equal Employment Opportunity Commission (EEOC) on October 22, 2011, instead of filing an Equal Employment Opportunity complaint with TSA. (Doc. 1 at 3.) Plaintiff's training record revealed that TSA provided him with training on how to initiate an EEO complaint with the agency, but Plaintiff alleged that proper administrative remedies were closed off to him by TSA. (Doc. 6-2 at 2–3; Doc. 7 at 8.) In the "Charge of Discrimination," Plaintiff stated that he was discriminated against on the basis of his race when he was not selected for the Transportation Security Inspector position and a white applicant was hired, and that he was subjected to a hostile work environment because of "the high quality of his work." (Doc. 1-1.)

After Plaintiff received his "Notice of Suit Rights" from the EEOC on November 16, 2010, he brought suit for employment discrimination against TSA and five employees. (Doc. 1.) The Summons and Complaint were served to Terry Burgess, Jackie Bell, Dwain Wilkins, Ken Axxon, and Ernest Fernandez at TSA's Charlotte branch; however, the United States Attorney for the Western District of North Carolina, the U.S. Attorney General, and TSA were never served with the Summons and Complaint. (Docs. 3-1–3-4.)

## II. STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Rule 12(b)(1), lack of subject matter jurisdiction, a court may consider affidavits, depositions, or live testimony without converting the motion into one for summary judgment. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). Furthermore, a court may resolve factual questions to determine whether it has subject matter jurisdiction. *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986), *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988).

Rule 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## III. DISCUSSION

A. Naming the Proper Defendant

Title VII of the Civil Rights Act of 1964 creates a right of action for both private-sector and certain federal employees alleging employment discrimination on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. §§ 2000e-5(f)(1), 2000e-16(c). Any employee alleging racial or sexual discrimination is required to file the civil action within ninety days of "receipt of notice" of the agency's final action. 42 U.S.C. § 2000e-16(c). Furthermore, the statute requires that federal employees who allege violations of Title VII may only sue the head

of the department, agency, or unit. 42 U.S.C. § 2000e-16(c); *Gardner v. Gartman*, 880 F.2d 797, 798 (4th Cir. 1989). Where a plaintiff fails to name the appropriate department or agency head as a defendant, the complaint may be dismissed in its entirety. *See Gardner*, 880 F.2d at 798–99 (holding that plaintiff's naming of government officials and the United States as defendants in a Title VII sex-discrimination case did not give notice of the case to the proper defendant, the Secretary of the Navy, and concluded that relation back of the motion to join was not permitted and denied plaintiff's motion to amend her complaint to name the Secretary as the defendant).

Plaintiff filed his Title VII Complaint against five of his co-workers and TSA. However, TSA is an agency of the U.S. Department of Homeland Security, which is headed by the Secretary of Homeland Security, Janet Napolitano. Since the Secretary of Homeland Security, in her official capacity, is the head of the department governing TSA, she is the only appropriate defendant to a Title VII action against the federal government.[1] Therefore, the claims brought against the individual TSA employees are dismissed.

---

[1] Although Rule 15(c) of the Federal Rules of Civil Procedure provides that an amendment to a complaint may relate back to the filing date of the original complaint, a strict test applies when a plaintiff seeks to relate back the joinder of a party. The Supreme Court enunciated a rather strict four-prong test for determining whether relation back of joinder of a party should be permitted. *Gardner*, 880 F.2d at 798. The four elements of the test are as follows:
1. The basic claim must have arisen out of the conduct set forth in the original pleading;
2. The party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;
3. That party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and
4. The second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone v. Fortune*, 477 U.S. 21, 30 (1986). The issue in this case is whether the second and third prongs are met. The Fourth Circuit has held that the naming of the wrong government party or official does not place the proper government party or official on notice of the suit, *Gardner*, 880 F.2d at 799, and notice of the suit must be given within the prescribed limitations period for the proper party's joinder to relate back to the date of the original complaint, *Weisgal v. Smith*, 774 F.2d 1277, 1278 (4th Cir. 1985). In the present case, the Secretary of Homeland Security is the proper party, and notice was not given to the Secretary. *See* 42 U.S.C. § 2000e-16(c). For this reason, there can be no relation back for purposes of amending the Complaint to join the Secretary as a party, and the Complaint must be dismissed.

B. Administrative Remedies

All employees, both private-sector and federal, must exhaust their administrative remedies before bringing a Title VII action. *Laber v. Harvey*, 438 F.3d 404, 415 (4th Cir. 2006). Section 2000e-16(c) allows aggrieved employees to file a civil action within ninety days after receipt of the "notice of final action" from the employer. The Supreme Court has held that this statute acts as a waiver of the Government's sovereign immunity and that it must therefore be strictly construed. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93 (1990).

The administrative remedies available for federal employees are different from the administrative remedies available for employees of the private sector. *Laber*, 438 F.3d at 416. Employees in the private sector who believe they have been discriminated against are required to file a charge with the EEOC. *Id.* By contrast, a federal employee who believes he or she has been discriminated against must file a complaint directly with the agency.[2] *Id.*

Here, Plaintiff failed to exhaust the administrative remedies available to federal employees pursuant to 29 C.F.R. § 1614. Plaintiff did not contact an agency counselor from TSA at any point to discuss the discrimination. Plaintiff claims that access to the appropriate administrative remedies was closed off to him. (Doc. 7 at 8.) However, all Plaintiff alleges as proof is that several of the Defendants approved the "Letter of Guidance and Direction." There is no explanation as to how the approval of this letter made him unable to follow the required process. Although Plaintiff filed a charge with the EEOC and received a right-to-sue letter, this

---

[2] According to the applicable regulation, the aggrieved person must initiate contact with the agency's counselor within forty-five days of the occurrence of the alleged discrimination. 29 C.F.R. § 1614.105(a)(1); *Nealon v. Stone*, 958 F.2d 584, 589 (4th Cir. 1992). The agency will then investigate and make a ruling on the claim. *Laber*, 438 F.3d at 416. If the employee is not satisfied with the agency's ruling, the employee can then appeal to the agency's Office of Federal Operations (OFO), which will investigate and issue a ruling. *Id*. Finally, once the OFO has rendered its final decision, the employee can file a civil action if he or she is still dissatisfied with the result. *Id*.

process is required only of private-sector employees. Plaintiff failed to give notice of his claims to the agency or to give the agency the opportunity to fix the situation. Since Plaintiff has failed to exhaust his administrative remedies before filing his Title VII Complaint against the agency,[3] dismissal is appropriate pursuant to Rule 12(b)(1).[4]

## IV. CONCLUSION

**IT IS THEREFORE ORDERED**, for the foregoing reasons, that Defendant's Motion to Dismiss (Doc. 6) be **GRANTED**.

Signed: August 3, 2012

Richard L. Voorhees
United States District Judge

---

[3] *See Frank v. England*, 313 F. Supp. 2d 532, 534 (D. Md. 2004) ("[M]otions to dismiss for failure to exhaust administrative remedies are governed by Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.") The Court notes that the failure to comply with the forty-five day time limit is not an absolute bar to recovery. Rather, the statute of limitations is subject to equitable tolling in appropriate circumstances. 29 C.F.R. § 1614.105(a)(2); *Zografov v. Veterans Admin. Med. Ctr.*, 779 F.2d 967, 969 (4th Cir. 1985); *see Irwin*, 498 U.S. at 96 (recalling its allowance of "equitable tolling" in situations where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass"). For Defendant to be estopped from asserting the forty-five day time limit as a defense, Plaintiff, at the very least, must show affirmative misconduct on the part of Defendant. *Id.* Defendant took measures to inform its employees of the correct procedure for timely filing discrimination complaints. Plaintiff's training records reveal that TSA provided him with training, which included informing the Plaintiff of the requirement that employees contact an EEO counselor at the agency within forty-five days of an allegedly discriminatory act. (Doc. 6-2 at 2–3.) The same information was also provided on a poster that had hung in the employee break room since November 2004. (Doc. 6-3 at 2–3.) Accordingly, Plaintiff has not shown affirmative misconduct, and therefore equitable tolling does not apply.

[4] The Court notes Defendant's argument regarding insufficient process and service of process. Because the Complaint is dismissed for failure to name the correct defendant and failure to exhaust administrative remedies, the Court need not address this argument.